■ In the Matter of JULIO JOHN MARINO and ALFRED L. PLESSER, Attorneys, Respondents. SAMUEL GREASON, Petitioner.— This is a proceeding to discipline two attorneys for professional misconduct. Both respondents were admitted to practice by this court; Marino on February 3, 1954, and Plesser on June 22, 1955. They became partners in 1956 and practiced as such from that time up to the time when this proceeding was commenced in 1963. Pursuant to orders of this court, the issues were tried before a Referee, who has submitted his report containing his findings upon the issues. The report is now before this court for consideration, incident to the final determination of the proceeding. All six of the charges against respondents relate to the negligence branch of their practice and cover a period from about December 1, 1956 to 1961. The charges are set forth separately as items A to F. Charge A is that on three applications for leave to compromise infants' claims, in order to minimize the infants' injuries the respondents submitted misleading papers by omitting important and necessary information relating to the injuries; and that, based on such papers the court approved settlements for nominal sums. The Referee sustained this charge. We confirm the finding of the Referee. Charge B involves the submission of exaggerated and fraudulent medical bills to insurance companies with respect to negligence claims. The Referee made no finding on this charge. We find that this charge B has not been sustained by the proof. Charge C (referred to in error by the Referee as charge B) relates to the sub-

mission to insurance companies of exaggerated, false and fraudulent lost earnings statements. The Referee concluded that this charge had not been sustained. However, our examination of the record discloses ample evidence to support this charge; and we find that it has been sustained. Charge D is that respondents made improper use of the services of an investigator, who actively participated in their negligence practice: (1) by obtaining clients' signatures to retainer agreements — he being vested with authority to reject retainers and to determine the amounts of respondents' percentage fees; (2) by obtaining statements from adverse parties represented by other counsel; and (3) by procuring execution of guardian ad litem forms. The proof discloses that the investigator obtained clients' signatures to approximately 150 retainer agreements; that in some instances the investigator finally consummated the signature-transactions so that the agreements contained a fee figure in an amount less than the percentage which he had been instructed to obtain; that he rejected some proffered retainers; that on some occasions he filled out the guardian ad litem forms; that he obtained statements from adverse parties; and that respondent Plesser personally participated with respondent Marino in hiring this investigator and in supervising his work. The Referee found that this charge D was sustained "to the extent that they [respondents] empowered an investigator to make decisions and perform services which should not have been delegated to him." We believe that the Referee's finding is amply sustained by the proof. Charge E involves a claim that respondents settled an infant's claim without obtaining court approval. Respondents have admitted this charge. The Referee sustained the charge; and we are in accord with the Referee's finding. Charge F involves the claim that respondents accepted referrals of clients from tow car operators, automobile repair and service station operators, insurance brokers, doctors, and others, and "have thereby stirred up litigation." The evidence was that an admitted total of 122 cases came to respondents by way of such referrals. The Referee found this charge to have been sustained; and we agree. While it is claimed that respondent Plesser was less involved in the alleged misconduct than the respondent Marino, and that Plesser had little or nothing to do with the negligence portion of the firm's law practice, we note the Referee's finding that: " Mr. Plesser's testimony generally did not impress me with the ring of truth." The Referee, after pointing out specific instances in which he had found Mr. Plesser's testimony to be unbelievable as to the extent of his participation in the areas of misconduct to which reference has been made, found that: " In addition to sharing in the financial fruits of the partnership, there is no question in my mind that Mr. Plesser was actively engaged in the negligence portion of the partnership business." The Referee further concluded that: " To overlook the conduct of these respondents would be tantamount to acceptance of a degradation and debasement of the honor and dignity of the legal profession." The Referee's report is confirmed in part and disaffirmed in part, as indicated herein. In view of the absence of any prior charge of professional misconduct against either respondent, and under all the other mitigating circumstances appearing in this voluminous record, the discipline to be imposed upon each of the respondents will be limited to a suspension of two and one-half years. Accordingly each of the respondents is suspended from the practice of law for a period of two and one-half years, commencing 30 days after the date of entry of the order hereon. Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.